*782 OPINION OF THE COURT
Howard E. Levitt, J.
Motion to dismiss the petitioner’s CPLR article 78 petition is granted.
Prior to December 1, 1987, Police Officer Terrence T. O’Rourke (hereinafter referred to as the petitioner) filled out an application to take a promotional examination for sergeant, Nassau County Police Department. At the time the petitioner filled out said application he submitted form DD-214, proof of honorable discharge, but failed to signify on his CSX-6110B application form that he was claiming veteran’s credits. On December 1, 1984, the petitioner took the promotional exam. On February 13, 1987, the eligible list was established, at which time the petitioner was notified that he had not been granted credit on the exam. On February 19, 1987, the petitioner wrote to the Civil Service Commission requesting credit. This request was denied. The petitioner brings an action to claim veteran’s credits on the exam. The process of applying for and using veteran’s credits for promotional standing may be divided into three parts: (a) establishing eligibility for veteran’s credits, (b) claiming veteran’s credits, and (c) using veteran’s credits. Establishing eligibility for veteran’s credits is accomplished by submitting documentary proof of service, here the required DD-214, before the establishment of a promotional eligibility list.
Claiming veteran’s credits is accomplished by means of a positive response to the question on line 4 of form CSX-6110B, "Do you wish to claim veteran’s credits?” Spaces are provided in which to indicate whether the credits to be claimed are to be as a disabled or nondisabled veteran. Claimed veteran’s credits are used in computing the final score on promotional examinations. According to Civil Service Law § 85 (3) no additional credits will be granted to applicants after the establishment of the eligible list.
Once an eligibility list is established, claimed veteran’s credits may or may not be used depending on the candidate’s standing on the list. If the candidate’s position on the list is not "affected by the addition of credits granted under this section, the appointment or promotion of such veteran or disabled veteran, as the case may be, from such eligible list shall not be deemed to have been made from an eligible list on which he was allowed the additional credit granted by this *783 section.” (Civil Service Law § 85 [4] [b].) Veteran’s credit may only be used once, and their use is determined after the establishment of an eligibility list.
In the instant case, the petitioner established his eligibility for veteran’s credits by submitting the DD-214. However, the petitioner failed to claim his credits by failing to respond affirmatively to line 4 of form CSX-6110B. The spaces provided for a response were left totally blank. It must be noted that only line 4 was left blank by the petitioner. The rest of the form was filled out in its entirety and signed by the petitioner.
Despite the fact that the petitioner failed to respond affirmatively to the question in line 4 of CSX-6110B, the petitioner could have claimed veteran’s credits by notifying the Nassau County Civil Service Commission of his desire to do so at any time prior to the establishment of an eligibility list on February 13, 1987. Under Civil Service Law § 85 (3) "[a]ny candidate, believing himself entitled to additional credit in a competitive examination as provided herein, may make application for such additional credit at any time between the date of his application for examination and the date of the establishment of the resulting eligible list”. The petitioner made no attempt to claim veteran’s credits until February 19, 1987, six days after the eligibility list was established and over two years after the administration of the promotional examination. Establishing eligibility for veteran’s credits without actually claiming the credits does not constitute a complete application for credit. Under these circumstances, granting the petitioner veteran’s credits would be contrary to Civil Service Law § 85 (3). No provisions exist in the Civil Service Law to determine how to act upon claims for veteran’s credits made after the establishment of an eligibility list. Furthermore, claims made after the establishment of an eligibility list would produce skewed promotion standings and result in prejudice to other promotion candidates.
For the aforementioned reasons, the Civil Service Commission was not arbitrary or capricious, nor did it abuse its discretion in denying the petitioner the requested veteran’s credits. As a matter of law, the petitioner is not entitled to veteran’s credits claimed after the establishment of the eligi- . bility list.
Petitioner’s petition is denied.