■ In the Matter of CHRISTOPHER RAY, Respondent, v PASCHAL RUBINO et al., Constituting the Civil Service Commission of City of Buffalo, et al., Appellants. [651 NYS2d 812] —Judgment insofar as appealed from unanimously reversed on the law without costs and petition dismissed. Memorandum: While on active duty in the United States Navy, petitioner applied for a firefighter position with the Civil Service Commission of the City of Buffalo (respondent). Petitioner was honorably discharged in February 1994 and took the civil service exam a month later. Respondent established the eligible list for that position on October 11, 1995 and denied the subsequent request of petitioner to add five points to his score based on his status as a veteran (*see,* Civil Service Law § 85). Respondent informed petitioner that he was not entitled to those additional points because he failed to present the requisite proof of discharge from the Navy before the eligible list was established. Petitioner thereafter commenced this CPLR article 78 proceeding, and Supreme Court granted the petition insofar as it sought to have five points added to petitioner's score. We reverse.

Although petitioner indicated on his application that he was a veteran, it is undisputed that he failed to "establish by appropriate documentary proof his eligibility to receive additional credit" before the eligible list was established (Civil Service Law § 85 [3]; *see*, NY Const, art V, § 6). The contention of petitioner that he did not realize that he was required to submit proof of discharge is unavailing. The application stated that, "If you desire to claim additional credits as a disabled veteran or non-disabled veteran DD214 must be attached when you submit application." Directly above the line for the applicant's signature, the application further stated, "Is your DD-214 attached if claiming vets credits". Because petitioner failed to submit the DD-214 discharge form before establishment of the eligible list, it cannot be said that respondent's denial of veteran's credits to him was arbitrary or capricious, an abuse of discretion, or affected by an error of law (*see*, CPLR 7803 [3]; *Matter of Geyer v Nassau County Civ. Serv. Commn.*, 51 AD2d 571; *Matter of O'Rourke v Nassau County Civ. Serv. Commn.*, 136 Misc 2d 781). (Appeal from Judgment of Supreme Court, Erie County, Notaro, J.—CPLR art 78.) Present—Pine, J. P., Lawton, Fallon, Doerr and Balio, JJ.